IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LUIS ALLEN SIMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GLR-18-3205 |
| BALTIMORE CITY POLICE DEPARTMENT, et al. | * | |
| | * | |
| Defendants. | | |
| | *** | |

**MEMORANDUM OPINION**

Pending before the Court are Plaintiff Luis Allen Sims' October 16, 2018 Complaint (ECF No. 1) and his Motion to Proceed in Forma Pauperis (ECF No. 2). The Motion shall be granted. For the reasons stated below, the Complaint shall be dismissed.

Sims filed the Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee. Based on Sims' reported financial situation, the Court finds that he is indigent and may proceed without prepaying the filing fee.

To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to construe liberally self-represented pleadings, such as the instant Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). In evaluating such a complaint, factual allegations are assumed to be true. Id. at 93 (citing Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . [but] must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." White v. White, 886 F. 2d 721, 722–723 (4th Cir. 1989).

Sims was convicted of first-degree murder and related handgun offenses. See State v. Sims, Case No. 190164007 (Balt. City Cir. Ct. 1990), http://casesearch.courts.state.md.us/inquiry. He was sentenced to a life term of incarceration plus 20 years consecutive. Id. Sims' Complaint alleges the Baltimore City Police Department and various people involved in his case violated his civil rights and seeks damages under 42 U.S.C. § 1983. The Complaint must be dismissed because it fails to state a claim on which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint as against Defendants Stuart O. Simms and Shelby Dickerson Moore must be dismissed because they are immune to this kind of suit. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial functions, as opposed to investigative or administrative ones. See Imbler v. Pachtman, 424 U.S. 409, 422–23 (1976); see also Kalina v. Fletcher, 522 U.S. 118, 127 (1997); Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993); Nero v. Mosby, 890 F.3d 106, 117–118 (4th Cir. 2018). Because absolute immunity is designed to protect judicial

process, the appropriate inquiry is whether a prosecutor's actions are closely associated with judicial process. See Burns v. Reed, 500 U.S. 478, 479 (1991) (citing Imbler, 424 U.S. at 422–23). The Court must use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase.'" Nero, 890 F.3d at 117 (quoting Imbler, 424 U.S. at 430). The Fourth Circuit provided a list of covered functions in Nero: "A prosecutor acts as an advocate when she professionally evaluates evidence assembled by the police, Buckley, 509 U.S. at 273, decides to seek an arrest warrant, Kalina, 522 U.S. at 130, prepares and files charging documents, *id.*, participates in a probable cause hearing, Burns, 500 U.S. at 493, and presents evidence at trial, Imbler, 424 U.S. at 431." 890 F.3d at 118.

Sims alleges Simms and Moore, former Baltimore City State's Attorneys involved in prosecuting Sims, each had knowledge that his indictment was defective and that officers falsified reports. (ECF No. 1 at 7-8). Because Simms and Moore were performing prosecutorial functions covered by absolute immunity when they obtained Sims' convictions, Sims' claims against them are barred and must be dismissed.

The Complaint against Defendant Morris Lee Kaplan, the attorney who represented Sims at trial, must also be dismissed because Kaplan did not act under color of state law. To state a claim under § 1983, a plaintiff must allege that "the charged state actor (1) deprived plaintiff of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute." Philips v. Pitt Cty. Mem'l Hosp. 572 F.3d. 176, 180 (4th Cir. 2009). The color-of-law requirement is "synonymous with the more familiar

3

state-action requirement—and the analysis for each is identical." Id. (citing Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982)). "'[M]erely private conduct, no matter how discriminatory or wrongful[,]' fails to qualify as state action." Philips, 572 F.3d. at 181 (citing Mentavlos v. Anderson, 249 F.3d 301 (4th Cir. 2001)). Further, "private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it to state action: Mere approval of or acquiescence in the initiatives of a private party is insufficient." Id. (internal quotations omitted) (citing Wahi v. Charleston Area Med. Ctr., 562 F.3d 599, 616 (4th Cir. 2009)). Defense attorneys, whether appointed or privately retained, do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. See Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976); see also Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980); Polk Cty. v. Dodson, 454 U.S. 312, 453–54 (1981). While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. See Tower v. Glover, 467 U.S. 914, 920 (1984); Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy).

Here, Sims asserts that Kaplan also knew about the allegedly defective indictment and that Kaplan therefore knew that Sims was illegally tried because the court had no jurisdiction. (ECF No. 1 at 8). But Sims does not offer anything in support of his assertion that Kaplan conspired with the state officials. This claim is a naked assertion of conspiracy and, because it does not properly plead that Kaplan acted under color of state law, the Complaint against Kaplan must also be dismissed.

The Complaint as against the remaining Defendants, the Baltimore City Police Department and the police officers who investigated Sims, must be dismissed because his conviction and sentence remain intact. In Heck v. Humphrey, the Supreme Court held:

> . . . in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 486–87 (1994).

Sims' conviction has not been overturned or otherwise invalidated. The Complaint's allegations, if allowed to proceed, would go to the validity of the criminal judgment. Accordingly, the claims against the Baltimore City Police Department, the named police officers and the "Doe" defendants will be dismissed without prejudice.

A separate Order follows.

__10/30/18_____             _____/s/_____
Date                             George L. Russell, III
                                 United States District Judge